IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE PRUDE,

                                       ORDER

                  Plaintiff,

                                 13-cv-512-bbc

           v.

ANTHONY MELI, TONIA MOON,
JAMES MUENCHOW, JEREMIAH LARSEN,
CYNTHIA RADTKE and CORY SABISH,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se prisoner Terrance Prude has filed two motions in this lawsuit brought under 42 U.S.C. § 1983 for retaliation: (1) a motion for leave to amend his complaint, dkt. #10; and (2) a motion to strike portions of defendants' answer. Dkt. #11. I am denying the first motion and granting in part the second motion.

       Plaintiff wants to amend his complaint to add a request for injunctive relief, but that is unnecessary. "Prevailing parties get the relief to which they are entitled, no matter what they ask for." Heitmann v. City of Chicago, Illinois, 560 F.3d 642, 645 (7th Cir. 2009). Of course, it is a separate question whether plaintiff will be entitled to any injunctive relief. If he prevails on his retaliation claim, he will have to make that showing then.

       With respect to his motion to strike, plaintiff argues first that many of defendants' responses to his allegations are incomplete or evasive. However, he simply lists paragraphs

1

in the answer without developing an argument as to how any of them are inadequate, so I am denying this aspect of his motion.

Next, plaintiff challenges all of defendants' asserted affirmative defenses. A review of these shows that many of them are not affirmative defenses at all. These include:

- The complaint fails to state a claim upon which relief can be granted.

- The action must be dismissed for lack of subject matter jurisdiction.

- No answering defendant can be found liable for the actions of any other answering defendant(s) under a theory of respondeat superior.

- The action must be dismissed because the defendant(s) had no personal involvement in the events leading to or surrounding the incident which is the basis of this lawsuit.

- This action must be dismissed because no money damages may be obtained under the PLRA, 42 U.S.C. §1997e(e).

- This action must be dismissed because any claim for equitable relief is moot and/or not ripe for adjudication.

- Any equitable claims must be dismissed because plaintiff has an adequate remedy at law.

Dk. #9.

These "defenses" relate to jurisdiction or to the elements of plaintiff's claims. They are not matters that defendants should have pleaded as affirmative defenses under Fed. R. Civ. P. 8(c). Further, the jurisdictional "defense" has no merit because plaintiff is raising a

federal claim, providing jurisdiction under 28 U.S.C. § 1331.  (Something that defendants admit elsewhere in their answer.)  To the extent that issues related to the merits such as personal involvement or damages become relevant later in the case, defendants are free to raise them in a motion for summary judgment or at trial.

This leaves three defenses:

- The action must be dismissed under the doctrine of sovereign immunity and the eleventh amendment to the United States Constitution.

- The action must be dismissed for failure to exhaust other remedies.

- The action must be dismissed under the doctrine of qualified immunity.

With respect to sovereign immunity, I see no basis for it in this case.  It is well established that state officials may be sued in their official capacity under § 1983 without violating the doctrine of sovereign immunity.  Parker v. Franklin County Community School Corp., 667 F.3d 910, 925-26 (7th Cir. 2012).

Although the failure to exhaust administrative remedies is a common defense in § 1983 cases brought by prisoners, defendants have not yet provided any basis for asserting it in this case.  In Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1295 (7th Cir. 1989), the court affirmed a decision to grant a motion to strike affirmative defenses that were "nothing but bare bones conclusory allegations" and that "omitted any short and plain statement of facts."   Because defendants have not included any facts in their answer that support this affirmative defense, I must strike this one as well.  However, defendants are free to file an amended answer that includes the necessary facts.  Defendants need not

3

plead details, but they should provide enough information to show that they have met their

obligation under Fed. R. Civ. P. 11 to conduct "an inquiry reasonable under the

circumstances" before asserting the defense.

Although defendants' qualified immunity affirmative defense is also conclusory, that

is inherent in such a defense.  Unlike other affirmative defenses, "[o]nce the defense of

qualified immunity is raised, it becomes the plaintiff's burden to defeat it."  Estate of

Escobedo v. Martin, 702 F.3d 388 (7th Cir. 2012).  Accordingly, I conclude that defendants

are not required to plead more facts to support that defense.


ORDER

IT IS ORDERED that

1.  Plaintiff Terrance Prude's motion for leave to amend his complaint, dkt. #10, is

DENIED as unnecessary.

2.  Plaintiff's motion to strike portions of the answer, dkt. #11, is GRANTED with

respect to all of the affirmative defenses except qualified immunity.  The motion is DENIED

in all other respects.

Entered this 3rd day of January, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge