IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE PRUDE,

                                                                                         ORDER

                         Plaintiff,

                                                                                         13-cv-512-bbc

    v.

WILLIAM POLLARD, JEREMIAH LARSEN,
CYNTHIA RADTKE and CORY SABISH,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Terrance Prude is proceeding on a claim that several prison officials disciplined him in retaliation for complaining about staff misconduct, in violation of the First Amendment. In particular, plaintiff alleges that defendants disciplined him because he disclosed truthfully that a correctional officer, Teresa Heidemann, had been demoted for fabricating conduct reports. Defendants take the position that they disciplined plaintiff for lying about staff. Trial is scheduled for December 8, 2014.

      Plaintiff has brought two matters to the court's attention. First, he has filed a petition for a writ of habeas corpus ad testificandum with respect to himself and three potential witnesses who are incarcerated: Carl Harris, Scottie Baldwin and Tingia Wheeler. Dkt. #59. Second, he has filed a "motion seeking permission to address matters that this court overlooked in denying plaintiff's summary judgment [motion] regarding defendant Cynthia Radtke," which I construe as a motion for reconsideration. Dkt. #61. For the reasons

1

explained below, I am granting plaintiff's habeas petition with respect to plaintiff, Harris and Baldwin and denying the petition as to Wheeler. In addition, I am denying plaintiff's motion for reconsideration.

OPINION

A. Petition for Writs of Habeas Corpus ad Testificandum

It is the general practice of this court to grant writs to an incarcerated plaintiff in a civil trial and I see no reason to deny plaintiff's request. With respect to the other prisoners, plaintiff avers that each of them is incarcerated at the Waupun Correctional Institution and has agreed to testify without a subpoena. Dkt. #60. In addition, two of the prisoners have provided declarations showing that they may have testimony that is relevant to trial. Harris testified that he overheard Heidemann telling another officer that she was given a "compelled alternative" to "demote herself" or "be demoted for falsifying tickets." Harris Decl., dkt. #18. Baldwin testified that he asked defendant Jeremiah Larsen why he wrote plaintiff "that bogus conduct report" for lying about staff and Larsen responded, "Mr. Prude had it coming to him." Baldwin Decl., dkt. #20. Because these declarations support plaintiff's position that Heidemann falsified conduct reports and that Larsen knew that plaintiff's conduct report was false, I will grant the petition as to Baldwin and Harris.

Plaintiff has not submitted an affidavit or declaration from Wheeler. Instead, plaintiff avers in his own affidavit that Wheeler told him that Heidemann admitted to Wheeler that she has fabricated conduct reports. Under this court's procedures, plaintiff

may not file an affidavit on behalf of another prisoner unless plaintiff himself witnessed the events at issue. <u>Procedures for Calling Witnesses to Trial</u>, Section I ("The party can declare under penalty of perjury that the witness has relevant information about the party's claim . . . only if the party knows first-hand that the witness saw or heard something that will help him prove his case."). Otherwise, plaintiff must submit an affidavit or declaration from the witness himself. <u>Id.</u> Because plaintiff does not aver that he has personal knowledge of what Wheeler heard and plaintiff did not submit an affidavit or declaration from Wheeler, I am denying the petition as to Wheeler.

## B. <u>Motion for Reconsideration</u>

Plaintiff seeks reconsideration of the court's conclusion that he is not entitled to summary judgment on his retaliation claim against defendant Radtke. He says that summary judgment is proper because defendants did not dispute averments in his declaration that Radtke told plaintiff, "The warden . . . did not like the fact [that] you were trying to let it be spotlighted regarding why Heideman[n] was demoted. I spoke with the warden and Lt. Larsen prior to the [conduct report] being written and it was discussed about you filing a complaint and that it was not your place to complain of internal issues." In addition, Radtke stated, "Next time just use caution about what you complain of and you won't have to worry about being punished." Plt.'s Decl., dkt. #21.

One problem with plaintiff's argument is that defendant Radtke never admitted that she made these statements. Plaintiff says that defendants did not dispute his proposed

3

finding of fact related to these statements, but plaintiff never proposed as a fact the alleged statements by Radtke that plaintiff recounted in his declaration. Rather, he cites his Proposed Finding of Fact No. 49, which states, "Prude's Affidavit dated May 30, 2013 about Capt. Radtke telling prude that he was only written up because he 'complained of internal issues' and that the Warden Pollard was upset about the fact Prude 'spot-lighted . . . why Heidemann was demoted."

As I explained to plaintiff in the summary judgment opinion, plaintiff's proposed findings of fact did not comply with the court's Procedure to be Followed on Motions for Summary Judgment, which plaintiff received with the preliminary pretrial conference order and again when defendants filed their motion for summary judgment. Plaintiff's proposed findings of fact were not "factual proposition[s] . . . followed by a reference to evidence supporting the proposed fact," as required by the Procedure. Instead, plaintiff simply listed various pieces of evidence in the record with little or no explanation of the facts in the document that he wanted the court to consider.

A party may not cite generally to documents and expect the opposing side and the court to determine how the document might be relevant. Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir.1995) ("[A] district court is not required to scour the record looking for factual disputes [or] to scour the party's various submissions to piece together appropriate arguments."). Rather, "[t]he statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor." Procedure, I.B.3.

Because I could not consider plaintiff's proposed findings of fact, I could not treat any allegations in his declarations as true for the purpose of summary judgment. Further, even if I assume that Radtke made the statements that plaintiff alleged, the statements are not an admission that Radtke retaliated against plaintiff for exercising his First Amendment rights. The statements are evidence in favor of plaintiff's claim, but they do not show that he is entitled to judgment as a matter of law. Accordingly, I am denying plaintiff's motion for reconsideration.

ORDER

IT IS ORDERED that

1. Plaintiff Terrance Prude's petition for writs of habeas corpus ad testificandum, dkt. #59, is GRANTED as to plaintiff, Carl Harris and Scottie Baldwin and DENIED as to Tingia Wheeler. The Clerk of Court is directed to issue a writ of habeas corpus ad testificandum for the attendance of plaintiff, Harris and Baldwin at trial beginning on December 8, 2014. Plaintiff and the witnesses should arrive at the courthouse no later than 8:00 a.m. on December 8.

2. Plaintiff's motion for reconsideration, dkt. #61, is DENIED.

Entered this 4th day of September, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge