IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE PRUDE,

                    ORDER

      Plaintiff,

                    13-cv-512-bbc

  v.

WILLIAM POLLARD, JEREMIAH LARSEN,
CYNTHIA RADTKE and CORY SABISH,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Trial is scheduled for December 8, 2014, in this case in which pro se prisoner Terrance Prude alleges that several prison officials disciplined him for complaining about staff misconduct, in violation of the First Amendment. Now plaintiff has filed a document that he calls "dismissal of case." Dkt. #84.

  In the document, plaintiff alleges without elaboration that "[t]he defendants have made threats that could result in physical harm." In addition, he says that prison officials have confiscated all his legal documents that he intended to use for trial and "now claim to be unaware of the existence of such documents." Plaintiff does not ask the court to intervene, but instead asks the court to dismiss the case *without* prejudice and to receive a refund of the filing fee.

  I am denying plaintiff's request to dismiss the case without prejudice because the case has come much too far to start all over again. Plaintiff filed his complaint in July 2013; the

1

court has ruled on the parties' summary judgment motions; and trial is imminent. Plaintiff is free to dismiss his claim *with* prejudice, but that means he could not reopen the case or file a new lawsuit about the same events at a later date. Further, even if the case is dismissed with prejudice, he cannot obtain a refund of his filing fee. As its name suggests, the fee is for filing the case; it is not for bringing the case to a resolution.

Normally, I simply would deny plaintiff's request and allow plaintiff to consider whether he wants to request dismissal with prejudice or ask the court to provide assistance with the alleged interference by prison officials. However, because trial is only a few weeks away, swifter action is appropriate. Accordingly, Magistrate Judge Stephen Crocker will hold a telephone conference with the parties to allow plaintiff to inform the court how he wishes to proceed, that is, whether he wants to dismiss the case with prejudice or seek help from the court. If plaintiff wants help, he should be prepared to:

(1) explain how defendants are threatening him;

(2) provide more information about the confiscated documents, including which prison officials have confiscated his documents, which documents were confiscated, when this occurred, the reasons the officials gave him for taking his documents; and

(3) identify what assistance he believes he needs from the court to proceed to trial. In addition, defendants should be prepared to respond to plaintiff's allegations, at least with respect to the confiscated documents.

At the end of his motion, plaintiff asks that the motion be sealed "due to the gravity of the reasons and out of fear of retaliation," but I am denying the request because he does

not support it with any specific evidence or even allegations.

ORDER

IT IS ORDERED that

1. Plaintiff Terrance Prude's motion to dismiss the case without prejudice and to seal the motion, dkt. #84, is DENIED.

2. A telephone conference before Magistrate Stephen Crocker is set for 10:00 a.m. on Wednesday, November 12, 2014. Defendants are responsible for setting up the call.

Entered this 5th day of November, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge